IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTH AMERICAN CAPACITY INSURANCE COMPANY,

    Plaintiff,

v.

TURNER CONSTRUCTION CO., et al.,

    Defendants.

No. C 03-05521 SBA

**ORDER**

On June 6, 2004, this Court issued an Order for Pretrial Preparation ("Pretrial Order") setting the above-captioned matter for a March 21, 2005 trial. The parties were also ordered to participate in a Pretrial Conference on March 15, 2005 and to file certain pretrial documents on or before February 22, 2005, and motions in limine on or before March 1, 2005.

As of March 1, 2005, the parties had not filed any pretrial documents or motions in limine, as instructed by the Court. Instead, on March 4, 2005, the parties submitted a stipulation requesting a continuance of the March 21, 2005 trial date to July 20, 2005. In the stipulation, Plaintiff indicated that it and the named insured had settled, and that it was in the process of settling with the additional insureds.

On March 10, 2005, the Court dismissed the above-captioned action, but provided that any party could move the Court within forty-five (45) days of the date of the March 10, 2005 Order to reopen the case in the event that settlement had not been reached.

On April 26, 2005, pursuant to a timely request submitted by Plaintiff, the Court modified the March 10, 2005 Order to provide that the case would be dismissed with prejudice unless reopened by May 25, 2005.

On May 24, 2005, pursuant to a second request timely submitted by Plaintiff, the Court again modified its March 10, 2005 Order to provide that the case would be dismissed with prejudice unless reopened by June 24, 2005.

On June 21, 2005, Plaintiff informed the Court in writing that the parties were unable to reach a final

settlement and requested that the case be reopened. On or about that date, the Court instructed Plaintiff to meet and confer with the defendants and to provide the Court with dates that the parties would be available for a settlement conference.

Despite the fact that Plaintiff was given explicit instructions to meet and confer with defendants on this issue and to immediately respond to the Court with several available dates so that the Court could properly schedule the settlement conference, on July 13, 2005, Plaintiff informed the Court that the parties were only able to agree on two available dates for the settlement conference, either August 8, 2005 or August 9, 2005. Additionally, Plaintiff informed the Court that it had not received a response from defendant Turner Construction Company. Turner Construction Company also contacted the Court, however, and informed the Court that it had, in fact, responded to Plaintiff. Turner Construction Company also requested that it be excused from any further settlement conferences on the grounds that it has already settled with Plaintiff's predecessor, Underwriters Insurance Company, and Plaintiff's putative insured, Conco Cement Co. Turner Construction Company further indicated that it had discussed with Plaintiff its position that it should be dismissed from this case, but had not yet reached an agreement with Plaintiff regarding the dismissal.

Having considered the papers submitted to this Court, including Plaintiff's July 13, 2005 letter and Turner Construction Company's July 14, 2005 letter, the Court finds that the parties have failed to provide a meaningful or timely response to the Court's requests concerning the scheduling of the settlement conference. Accordingly,

IT IS HEREBY ORDERED THAT the March 10, 2005 Order dismissing this action is VACATED.

IT IS FURTHER ORDERED THAT the parties shall appear for a <u>telephonic</u> Case Management Conference on **Tuesday, August 9, 2005 at 12:30 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a **joint** Case Management Conference Statement which shall be filed no later than **August 5, 2005**. <u>The Case Management Conference Statement shall specifically identify a mutually agreeable date, in September 2005, for the Pretrial Conference and a mutually agreeable date, in September or October 2005, for the trial. The parties are reminded that the trial must be scheduled to begin on a Monday.</u> Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS FURTHER ORDERED THAT if the parties stipulate to a dismissal of this action in its entirety and file said stipulation prior to the date of the Case Management Conference, the Court will vacate the Case Management Conference and the Case Management Conference Statement need not be filed. <u>Unless and until a party has been dismissed from this case, however, it is not excused from its obligation to meet and confer with the other parties regarding the scheduling of the trial and Pretrial Conference.</u>

IT IS SO ORDERED.

Dated: 7/27/05

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge