**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTH AMERICAN CAPACITY
INSURANCE COMPANY,

Plaintiff,

v.

TURNER CONSTRUCTION
COMPANY, et al.,

Defendants.

_____/

No. C  03-5521 WDB

ORDER

The Court has reviewed, with some dissatisfaction, the submissions made by the parties in purported response to the Court's most recent Order, e-filed September 19, 2005. In particular, plaintiff's submission is clearly inadequate.  It does <u>not</u> comply with the Court's Order.

## I.     Plaintiff's Mandatory Responsibilities

**By November 2, 2005**, plaintiff **must** e-file and serve a written submission which either (i) <u>identifies</u> the 'additional' actions in which Turner has been named, or (ii) must state that it has identified no additional actions in which Turner is involved and propose a date certain by which it will dismiss Turner from this lawsuit.  The fact that one of Conco's attorneys is recovering from surgery does not excuse plaintiff from complying with this deadline.

Also **by November 2, 2005**, plaintiff must send a letter to counsel for Zurich American Insurance Company, copying the court, which clearly sets forth its position as to the applicability of the cross-liability exclusion as to <u>East Bay Asian Land Development v.</u>

1

1    James E. Roberts-Obayashi Corporation and Ron Smits v. William Lyon Homes.  In its letter,

2    plaintiff must respond to the arguments made by Zurich in its August 10, 2005,

3    correspondence.  It may not simply reattach the documentation it provided to Zurich in July

4    of this year.

5

6        **If plaintiff does not comply in full with the directives above, the Court will**

7    **conduct a hearing on November 30, 2005, at 3:30 p.m. at which PLAINTIFF and**

8    **PLAINTIFF'S COUNSEL must appear IN PERSON and SHOW CAUSE why (i) the**

9    **Court should not impose sanctions for plaintiff's failure to comply with this Order and**

10   **its Order filed September 19, 2005, (ii) the plaintiff should not be precluded from**

11   **seeking relief as to any actions that it has not yet identified, and (iii) the Court should**

12   **not dismiss with prejudice plaintiff's claims against defendant Zurich American**

13   **Insurance Company as to *East Bay Asian Land Development v. James E. Roberts-***

14   ***Obayashi Corporation* and *Ron Smits v. William Lyon Homes.***

15   ///

16   ///

17   ///

18   **II.     Defendant Roberts-Obayashi's Mandatory Responsibilities**

19        **By November 2, 2005,** defendant Roberts-Obayashi Corporation must set forth its

20   position as to whether the pending case of Roberts-Obayashi v. Acceptance Corporation,

21   Alameda County Case No. RG04150387, constitutes an additional action which must be

22   addressed (via settlement negotiation, motion practice, or trial) prior to Roberts-Obayashi's

23   dismissal from this lawsuit.

24        IT IS SO ORDERED.

25   Dated: October 11, 2005                    /s/  Wayne D. Brazil
                                                WAYNE D. BRAZIL
26                                              United States Magistrate Judge

     Copies to:  Parties, WDB, stats.

27

28

                                            2